**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER C. COLAMECO<br><br>**Plaintiff,**<br><br>**v.**<br><br>Experian Information Solutions, Inc.<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.** |

**CIVIL COMPLAINT**

**PRELIMINARY STATEMENT**

1. Plaintiff Christopher Colameco brings this civil action for damages against Defendant Experian Information Systems Inc. ("Experian"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

**THE PARTIES**

2. Christopher Colameco, is an adult individual residing in Philadelphia, PA.

3. Defendant Experian Information Solutions, Inc., ("Experian"), is a an Ohio corporation with its principal office at 701 Experian Pkwy, Allen, TX 75013, where it can be served. and C T Corporation System as its registered agent, located at**,** c/o CT Corporation System 600 North 2nd Street, Suite 401, Harrisburg, PA 17101,

**JURISDICTION & VENUE**

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania.

of Pennsylvania, and Defendant possesses sufficient contacts with this District to be deemed to reside in this District.

6. This Court has personal jurisdiction over the Defendant as it avails itself for business in geographic region of this Court, and is registered to do business in this Commonwealth, (filing number of **2716669**, an initial filing date of **September 27, 1996**), and as such subject to personal jurisdiction pursuant to holding in Mallory v. Norfolk Southern Railway Co., 600 U.S. 122 (2023).

**COUNT I- VIOLATION OF FAIR CREDIT REPORTING ACT**

7. Plaintiff is a “consumer” as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

8. Experian is a “consumer reporting agency” ("CRA"), as that term is defined by the FCRA.15 U.S.C. §§ 1681a(f) & 1681a(u).

9. The credit report(s) sold by the Defendant is a “consumer report” as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

10. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs’ credit history to third parties (the “inaccurate information”), including Consumer Financial Protection Bureau,(“CFPB”), as described more specifically below.

11. The inaccurate information negatively reflects upon Plaintiff, and Plaintiff’s, credit repayment history, Plaintiff’s financial responsibility as a debtor and Plaintiff’s credit worthiness.

12. In December of 2025, Plaintiff sent a dispute of a derogatory item, on his Experian credit report, (a notation of 30-day lateness of a mortgage payment in connection

with his "AmeriHome Mortgage" account in January of 2024), explaining in detail reason for the dispute, providing documentation, and asked that it be removed accordingly. See redacted copy of the dispute attached as Exhibit A.

13. While all other CRAs have initially reported the same derogatory item, to this date, all other Consumer Reports have removed it, and the Experian, is the sole Consumer Reporting Agency that continues to report the derogatory items at issue. See Experian's recognition of dispute and failure to remove attached as Exhibit B.

14. Immediately thereafter, Plaintiff sent a method of verification request to the Defendant, as well as a Complaint to the CFPB, via certified mail. See detailed correspondence attached as Exhibit C.

15. Defendant further violated the Act when it failed to respond to method of verification request, while claiming to have investigated as required under FCRA. Id.

16. Defendant failed to remove the derogatory item, upon dispute, as well as failed to provide a method of verification upon request pursuant to 15 U.S.C. § 1681i(a)(7), by the time provided by law, or at all, in violation of the FCRA, and continues to report such derogatory information.

17. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has

disseminated to various persons and credit grantors, both known and unknown.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

20. Defendant violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Plaintiffs as described above. 15 U.S.C. § 1681e(b).

21. Defendant violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiffs' disputes as described above. 15 U.S.C §1681i(a).

22. Plaintiffs further have suffered actual damages as of result of Defendant's conduct in the form of harm to credit reputation which directly and proximately translated to increased interest rates on Plaintiff's open lines of credit and loss of credit opportunities, time lost disputing and emotional distress, including humiliation and embarrassment.

23. Plaintiff applied for credit and was denied credit based lower credit score impacted

in whole or in part by Defendant's dissemination of Plaintiff's credit report containing such derogatory information, specifically in March of 2026, by the following lenders: Bank of America N.A., Discover, Wells Fargo, (WFNBA). See Exhibit D

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## PRAYER FOR RELIEF

Plaintiffs request judgment in their favor and against Defendants for damages to include statutory damages, actual damages, punitive damages, costs of this action, reasonable attorney's fees and such other relief that this Court deems proper.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted,

Predrag Filipovic, Esquire
**LAW OFFICES OF PREDRAG FILIPOVIC, ESQ**
230 S Broad st. Ste 36, Fl 16
Philadelphia, PA 19103
Tel: 267-265-0520
Email: PFesq@ifight4justice.com

Attorney for Plaintiff

Dated: November 10th, 2026